BETTY L. TIANTI, COMMISSIONER OF LABOR EX. REL.
ROBERT L. WRIGHT *v.* MULTI
BUSINESS COMPUTER, INC.
(9995)

DUPONT, C. J., O'CONNELL and HEIMAN, Js.

Argued September 30—decision released December 17, 1991

*David A. Zipfel,* for the appellant (Kelser Corporation).

*Patricia M. Strong,* assistant attorney general, with whom, on the brief, was *Richard Blumenthal,* attorney general, for the appellee (plaintiff).

O'CONNELL, J. This appeal concerns the denial of the motion of a nonparty to be made a party defendant for the sole purpose of attacking a prejudgment remedy obtained by the plaintiff. We affirm the trial court's denial of the motion.

The record discloses that the plaintiffs are the Connecticut commissioner of labor and Robert Wright, a former employee of the defendant. The commissioner brought this action pursuant to General Statutes § 31-72[1] on behalf of Wright for wages he claims were not paid to him by the defendant. The defendant counterclaimed alleging that Wright had refused to repay unearned commissions. While the action was pending, the plaintiffs obtained an ex parte prejudgment garnishment of any money due the defendant from the Travelers Insurance Company.[2] The garnishment was granted ex parte on the plaintiffs' representation that there was a reasonable likelihood that the defendant was about to sell all its assets or to remove itself or its property from the state of Connecticut.[3]

At this stage, the Kelser Corporation moved pursuant to Practice Book § 102 to be made a party defendant,

[1] General Statutes § 31-72 provides in pertinent part: "When any employer fails to pay an employee wages in accordance with the provisions of [section] 31-71a . . . such employee . . . may recover, in a civil action . . . . The labor commissioner may collect the full amount of any such unpaid wages . . . as well as interest calculated in accordance with the provisions of section 31-265 from the date the wages or payment should have been received, had payment been made in a timely manner. . . ."

[2] Hamilton Standard (presumably the Hamilton Standard Division of United Technologies Corporation) was also garnisheed but is not involved in this appeal.

[3] General Statutes § 52-278e (a) provides in pertinent part: "The court or a judge of the court may allow the prejudgment remedy to be issued by an attorney without hearing . . . upon verification by oath of the plaintiff or of some competent affiant, that there is probable cause to sustain the validity of the plaintiff's claim and . . . (2) that there is reasonable likelihood that the defendant . . . (C) is about to remove himself or his property from this state . . . ."

alleging that it had bought the defendant's assets and that the funds garnisheed at the Travelers Insurance Company were in fact Kelser's and not the defendant's. The trial court denied Kelser's motion on the grounds that it did not come within the scope of Practice Book § 102. We agree.

Practice Book § 102 consists of only one sentence which provides: *"When a counterclaim raises questions affecting the interests of third parties, the defendant may, and if required by the court shall, cause such parties to be summoned in as parties to such suit."*[4] (Emphasis added.) In the present case, the counterclaim refers solely to money that the defendant seeks from the plaintiff Wright for alleged unearned premiums. It does not implicate any interest of Kelser and therefore Practice Book § 102 is inapplicable.

Moreover, the purpose of a § 102 motion is to confer party status in a case, a result that Kelser expressly disavows.[5] Kelser's sole avowed purpose is to attack the prejudgment attachment which it claims affects its property interests and not the defendant's. A motion under Practice Book § 102 is not the correct legal mechanism to litigate the issue that Kelser is attempting to raise.

The judgment is affirmed.

In this opinion the other judges concurred.

---

[4] General Statutes § 52-110 is identical to Practice Book § 102.

[5] "[The Plaintiff's Counsel to the Court]: I don't believe Kelser is asking to be admitted as a party on the counterclaim, Your Honor, unless I'm missing something.

"[The Court]: No? I thought that's all they wanted.

"[Defense Counsel]: No, Your Honor."